IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| CARMELO MALDONADO VELAZQUEZ | CASE NO. 10-00052 MCF |
| IRIS M CRESPO | |
| Debtor(s) | Chapter 13 |
| CARMELO MALDONADO VELAZQUEZ | Adversary Case No. 10-00052 MCF |
| IRIS M CRESPO | |
| Plaintiff(s) | |
| HANES PR, INC | RE: INJUNCTIVE RELIEF- REINSTATEMENT OF STAY |
| LUISA S VALLE CASTRO | |
| Defendant(s) | FILED & ENTERED ON 07/02/2010 |

OPINION AND ORDER

This proceeding is before the Court upon Defendants' motion to dismiss (Docket. No. 6) and motion for sanctions against Plaintiffs under Bankruptcy Rule 9011 (Docket No. 8), and Plaintiffs opposition thereto (Docket No. 9). For the reasons set forth below, Defendants' motion to dismiss (Docket. No. 6) is GRANTED; however, Defendants' request for sanctions is DENIED (Docket No. 8).

I. PROCEDURAL HISTORY

Plaintiffs, Carmelo Maldonado Velazquez ("Maldonado") and Iris Crespo Gonzalez ("Crespo")(collectively referenced to as "Debtors"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 17, 2009 (Case No. 09-03057, Docket No. 1). The case was later converted to a proceeding under Chapter

13 of the Bankruptcy Code on December 30, 2009 (Case No. 09-03057, Docket No. 125).

On March 30, 2010, Debtors filed the instant Adversary Proceeding against the creditor, Hanes Brands Inc. ("Hanes"), and its attorney, Luisa S. Valle Castro, Esq. ("Valle")(collectively referenced to as "Defendants"), for willful violation of the automatic stay, by having moved the local court to continue a collection of money proceeding against Debtors entitled Hanes Brands Inc. vs. Galaxy Prints, Carmelo Maldonado Jr. *et als.*, Case No.: ICI2008-00903 (307), filed before the Court of First Instance, Superior Court of Mayagüez (the "Local Court Action") (Docket No. 1).

On April 22, 2010, Defendants moved to dismiss, alleging that there was no violation of the automatic stay against Debtors and Debtors' assets (Docket No. 6). Defendants accompanied their motion to dismiss with copies of the documents filed in the Local Court Action. On May 17, 2010, Defendants also filed a motion requesting sanctions against Debtors under Bankruptcy Rule 9011 (Docket No. 8).

A hearing on the motion to dismiss was held on May 18, 2010 (Docket No. 14). On the same date, Debtors filed their response to Defendants' motion to dismiss and motion for sanctions (Docket No. 9) ("Opposition").

II. SUMMARY JUDGMENT STANDARD:

When a motion to dismiss under Rule 12(b)(6) of Federal Rules

of Civil Procedure (for failure to state a claim upon which relief can be granted) is presented with documents or other matters which fall outside of the pleadings, the Court must consider and treat the same as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). "[I]t is within the court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment." Whiting v. Maiolini, 921 F.2d 5 (1st. Cir. 1990) (citing Wright and Miller, Federal Practice and Procedure: Civil, § 1371 at 543 (1969 & Supp. 1989)).

Under Fed. R. Civ. P. 56(c), made applicable in bankruptcy by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary

judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party. Ryan Rijos, 263 B.R. at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Id.

### III. AUTOMATIC STAY AND REMEDIES

One of the cornerstones of the bankruptcy proceeding is the protection of the automatic stay afforded to debtors who file under any chapter of the Bankruptcy Code. The automatic stay is a form of injunctive relief which:

> provides for a broad stay of litigation, lien enforcement and other actions, judicial or otherwise, that are attempts to enforce or collect prepetition claims. It also stays a wide range of actions that would affect or interfere with property of the estate, property of the debtor or property in the custody of the estate.

3-362 Collier on Bankruptcy §362.01.

Section 362(a) of the Bankruptcy Code contains the automatic stay provisions, which states at its pertinent parts:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title...operates as a stay, applicable to all entities, of--
>     (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1).

Section 362(k) indicates the remedies available to debtors when the automatic stay provisions are violated by a third party, to wit:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

To establish a successful claim for violation of the automatic stay under section 362(k), the debtor must demonstrate that a creditor, or some other party, has willfully commenced or continued an action or proceeding of those listed at section 362(a) against the debtor, property of the estate or debtor's property. 11 U.S.C. § 362(a)(1).

## IV. DISCUSSION

Debtors contend that, prior to the commencement of the bankruptcy case, they were "doing business as" ("d/b/a") Galaxy Prints, and that Galaxy Prints is Debtors' trademark. Defendants filed the Local Court Action against them. Debtors then filed for bankruptcy. Although the Local Court Action was stayed as a result of Debtors' bankruptcy filing[1], Defendants, as local court

---

1  On June 12, 2009, fifty six (56) days after having filed for protection under the Bankruptcy Code, defendants in the local court action filed an informative motion notifying of the existence of Debtors' bankruptcy petition (Exhibit 7 of Docket No. 6). The local court entered a Judgment closing the case on June 23, 2009 (Exhibit 8 of Docket No. 6).

plaintiffs, proceeded to file a motion requesting that the case be continued as to Galaxy Prints, thereby violating the stay.

Defendants, on the other hand, argue that the prepetition Local Court Action was initiated against separate entities. Specifically, Defendants indicate that the Local Court Action was filed against (1) Maldonado and his spouse, Crespo, (2) the legal conjugal partnership composed between them, and (3) Galaxy Prints (Exhibit 1 of Docket No. 6). To this extent, the Clerk of the Local Court Action issued individual summons against Maldonado, the legal conjugal partnership composed between Maldonado and Crespo, and Galaxy Prints (Exhibit 2 of Docket No.6).

After the filing of the bankruptcy case, Hanes filed a motion requesting that the Local Court Action be continued against Galaxy Prints, Inc. (Exhibit 9 of Docket No. 6). The local court reinstated the proceedings exclusively against Galaxy Prints, Inc. (Exhibit 13 of Docket No. 6).[2]

Defendants' motion to dismiss is now treated as a motion for summary judgment because it contains documents outside of the pleadings to substantiate undisputed facts needed to resolve the issue.

From a review of the local court documents that were attached to the motion to dismiss, it is clear that Defendants' post-

---

[2] Hanes filed a motion before the local court on June 29, 2009, requesting that the collection of money proceeding be continued against Galaxy Prints, Inc. (Exhibit 9 of Docket No. 6). On October 7, 2009, the local court reinstated the proceedings exclusively against Galaxy Prints, Inc. (Exhibit 13 of Docket No. 6).

petition actions were limited to requesting the continuation of the Local Court Action exclusively as to Galaxy Prints, Inc. The body of the motion to continue the Local Court Action expressly states that their actions are directed at Galaxy Prints, Inc., except for the caption of the proceedings, which merely state Galaxy Prints, without the "Inc."

Debtors have admitted to this Court on several occasions of the existence of a Galaxy Prints corporation (Docket No. 13 at p. 4; and Docket No. 14). Furthermore, Debtors and Galaxy Print's counsel in the Local Court Action, Carlos Garcia Sotelo, Esq.'s, has stated, post-petition, that Galaxy Prints is an entity separate and distinct from the bankruptcy Debtors, and that said entity has been made part of the local court proceedings (Exhibit 1 of Docket No. 7, Minute of the April 21, 2010 status hearing held before the local court).

As a matter of law, Galaxy Prints, Inc. is an entity separate and distinct from the instant Debtors. Galaxy Prints, Inc. has not filed a voluntary petition in bankruptcy; therefore it is not afforded any automatic stay protection. This protection is limited only to the Debtors who, indeed, have filed for bankruptcy.

According to the uncontested evidence on file, Defendants, as local court plaintiffs, did not, at anytime, move the local court

---

3 See paragraph 2 of the Adversary Complaint which states that "Galaxy Prints, Inc., is a legal Puerto Rico corporation in which [Debtors] are the sole stockholders, and the debtor, Mr. Carmelo Maldonado, is the President." (Docket No. 1)

for the continuation or reinstatement of the local court proceedings against the Debtors, Debtors' property, or property of the estate. In light of the undisputed fact that the local court action has been continued exclusively against Galaxy Prints, Inc., a non-debtor third party, the Court does not see any connection between the continuation of the Local Court Action against Galaxy Prints, Inc., and Debtors' automatic stay protection.

Notwithstanding this, Debtors claim that the Defendants did not sue the Galaxy Prints Corporation prior to the filing of their bankruptcy case, but instead originally sued Debtors' "d/b/a" and/or their trademark. Debtors' contention is premised on the omission of the word "Inc." from the caption and the summons of the Local Court Action.

This Court does not have to delve into Defendants' original intent prior to Debtors' filing for bankruptcy protection. The focus of the instant Adversary Proceeding is to determine whether Defendants incurred in a willful post-petition conduct that violated the stay against Debtors, Debtors' property or property of the estate.

Pursuant to the undisputed facts of the case, it is clear that Defendants' post petition action was directed as to the Galaxy Prints corporation, and not against the Galaxy Prints "d/b/a", and that the Local Court action allowed the proceedings to continue exclusively against Galaxy Prints, Inc., an entity separate and distinct from the Debtors. Therefore, by having continued the Local

Court Action solely as to the Galaxy Prints corporation, the Court determines that there has been no violation towards Debtors' automatic stay, much less a "willful violation" as required under section 362(k)(1) of the Bankruptcy Code.

ORDER

**WHEREFORE,** IT IS ORDERED that Defendants' motion to dismiss (Docket. No. 6) shall be, and hereby is, GRANTED. Defendants' motion for sanctions under Rule 9011 (Docket No. 8) and Debtors' Opposition (Docket No. 9) are hereby DENIED.

**SO ORDERED.**

**Ponce, Puerto Rico, this 02 day of July, 2010.**

*Mildred Cabán*

**MILDRED  CABAN FLORES**
**U.S. Bankruptcy Judge**

**C:**     **DEBTOR**
        **MODESTO BIGAS MENDEZ**
        **HANES BRANDS INC**
        **LUISA S. VALLE CASTRO**